# UNITED STATES DISTRICT COURT
## FOR THE DIS´

CASE NUMBER  1:06MS00566

**IN RE SADDAM HUSSEIN**

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Miscellaneous

### APPLICATION OF DE
### FOR IMMEDIATE, TEMPORARY STAY OF EXECUTION

DATE STAMP: 12/29/2006

## BACKGROUND

Saddam Hussein, by the through counsel, submits this application for a temporary stay of execution pursuant to the equitable powers of this Court. The applicant is presently under an Iraqi sentence of death and is incarcerated under the custody of the United States government through the United States military and the Department of State. Mr. Hussein has been named a defendant in a civil action in this Court, <u>Ali Rasheed v. Hussein</u>, Civil Action No. 1:04-cv-1862 (EGS), but his incarceration has prevented him from receiving proper due process notice of his rights to defend himself and his estate. He now comes before this Court for an application for a temporary stay of execution to be permitted to be informed of his rights and to take whatever action he can and may wish to pursue. From information determined in the last 12 hours, it appears that the government of Iraq is going to impose execution of the applicant within the next 24 to 48 hours, and in support of this application for an immediate stay Communications With U.S. Military concerning Saddam Hussein's Lawyers Arrivals, Saddam Hussein states the following:

## THE FACTS

The Court in the civil action has permitted the plaintiffs to serve process on Defendant Saddam Hussein through one of his criminal lawyers, Giovanni Di Stefano, and, based on his knowledge and that of Saddam Hussein's principal, Iraqi lawyer, Khalil Al-

RECEIVED

DEC 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dolaimi, these two lawyers have submitted declarations as exhibits here. An article from the New York Times dated December 29, 2006 entitled "U.S. Is Being Told Hussein Hanging Seems Imminent," an Order of the Court for service of process and Communications With U.S. Military concerning Saddam Hussein's Lawyers are also exhibits. The following summary of the facts is presented in support of this Mr. Hussein:

1.    Defendant Saddam Hussein has been incarcerated in Iraq since 2003 and is presently in solitary confinement on death row awaiting a death sentence. Al-Dolaimi Declaration, ¶ 2; Di Stefano Declaration, ¶ 2.

2.    The United States government through the United States military maintains physical custody of Mr. Hussein as a prisoner of war while he is facing an Iraqi sentence of death and further criminal charges, and any access to him by even his lawyers is at the discretion of the United States military and the Department of State. Al-Dolaimi Declaration, ¶¶ 3- 6; Di Stefano Declaration, ¶¶ 3, 5.

3.    His lawyers in the past, including both Messrs. Al-Dolaimi and Di Stefano, have had very limited access to Mr. Hussein, and recently have had no access to him to advise him of the existence of the civil action filed against him and how to proceed with his defense. Al-Dolaimi Declaration, ¶ 6; Di Stefano Declaration, ¶ 6.

4.    Although Mr. Di Stefano was served with process by Order of the Court, he is not an agent of Defendant Saddam Hussein for service of process and has no authority from Mr. Hussein to accept service on his behalf of any complaints. Di Stefano Declaration, ¶ 4; Order of the Court on service of process.

5.    Defendant Saddam Hussein has no access to any newspapers and has no regular access to any other public media, including television and radio. Di Stefano Declaration, ¶ 7.

6.    The acts complained of in plaintiffs' complaint occurred while Mr. Hussein was the President and political leader of Iraq when that government he headed was recognized by the United States. Al-Dolaimi Declaration, ¶ 8; Di Stefano Declaration, ¶ 8.

7.    The United States government has granted Saddam Hussein's lawyers an opportunity on January 4, 2007 to meet with Saddam Hussein to deliver the complaint to him and to provide legal advice to him on what action, if any, he might take in defense of the civil action in which he has not yet been informed or for which he has not been given legal advice. Al-Dolaimi Declaration, ¶ 7; Di Stefano Declaration, ¶ 9.

8.    The appeal of Saddam Hussein's death sentence was denied on December 26, 2006, and his execution is imminent and may occur within the next few days without advanced notice. Al-Dolaimi Declaration, ¶ 2; New York Times article.

9.    Applicant Hussein is seeking an immediate, temporary stay of execution until further order of the Court because the execution of Saddam Hussein now appears to be scheduled in the next 24 to 48 hours. Al-Dolaimi Declaration, ¶ 9; Communications With U.S. Military concerning Saddam Hussein's Lawyers.

### ARGUMENT

Saddam Hussein has not been informed of the civil action against him and has not been advised of his rights nor been allowed counsel to assist in his defense of the civil action. Mr. Hussein's lawyers received permission from the United States government,

holding sole custody of Mr. Hussein, to meet and confer with him on January 4, 2006 concerning the civil action, but it now appears that the Iraqi government is going to seek to impose the death sentence before Mr. Hussein's attorneys can meet and confer with their client.

A.    Proper Notice is a Denial of Due Process

Fairness and due process require proper and sufficient notice of a lawsuit and an opportunity for a party to defend himself and his property.    Plaintiffs in the civil action have filed claims for compensatory and punitive damages, claims on the property of Defendant Saddam Hussein.   The Fourteenth Amendment Due Process Clause, and the comparable Due Process Clause of the Fifth Amendment, Bolling v. Sharpe, 347 U.S. 497, 498-99 (1954),  require that "deprivation of . . . property by adjudication be preceded by notice and an opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). The notice provided must measure up to the standards of due process, and "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 313-4; see, Mennonite Board of Missions v. Adams, 462 U.S. 791, 795-7 (1983); Tulsa Professional Collection Services, Inc. V. JoAnne Pope, Executrix of the Estate of H. Everett Pope, Jr., deceased, 485 U.S. 478, 488 (1988).

Providing service of process on Mr. Hussein's criminal lawyer is not reasonably calculated to acquaint Defendant Saddam Hussein with the nature and existence of this

civil action pending against him nor to provide an opportunity to present his objections. He has no way of learning about the existence of the litigation unless the Court orders that his lawyer be allowed to meet and confer with him or that constructive service be validated by permitting Mr. Hussein access for twelve consecutive weeks to the Iraqi newspapers Azzaman and Al Sabah used by the plaintiffs for notice, or both. The due process requirement of adequate notice to interested parties who are known or reasonably ascertainable cannot be fulfilled by the complete lack of notice Mr. Hussein has so far received. Pope, id.

B.    Request for a Temporary Stay of Execution

Defendant Saddam Hussein requests a stay of execution to allow Mr. Hussein to receive proper notice and to defend against the instant civil action. Under the Court's equitable powers, the Court may order a stay of execution. Hill v. McDonough, 548 U.S. ____, 126 S.Ct. 2096, 2101, 165 L.Ed.2d 44, 51 (2006). Defendant Saddam Hussein is presently being incarcerated under the custody of the United States as a prisoner of war and is protected by the Geneva Conventions; he is not challenging his sentence of death in this Court, but he is asking the Court to delay that sentence to protect his right of due process and rights under the Geneva Conventions, and this Court has jurisdiction to assure that whatever legal rights Mr. Hussein has are protected. See, Hamdan v. Rumsfeld, 548 U.S. ____, 126 S.Ct. 622, 163 L.Ed.2d 504 (2006)(Parts I-IV). To protect those rights, Defendant Saddam Hussein requests an Order of this Court providing a stay of his execution until further order of the Court.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Application of Saddam Hussein

for a Temporary Stay of Execution should be granted.

Dated: December 28, 2006

Nicholas Gilman, DC# 177725
John Green, DC# 476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., S.E., #410
Washington, DC 20003
Tel: (202)547-9080

Giovanni Di Stefano
Studio Legale Internazionale
Largo G, Tartini 3-4
00197 Rome, Italy
Tel: 39-06-85203516

6

EXHIBITS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAIDER AZIZ AL-SAYER JASSIM ALI RASHEED, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:04-CV-1862 (EGS) |
| v. | ) ) |
| SADDAM HUSSEIN, et al., | ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF KHALIL AL-DOLAIMI

I, Khalil Al- Dolaimi, declare as follows:

1.    I am a citizen of Iraqi, and a member of the Iraqi Bar association and I am the lawyer acting for President Saddam Hussein as a principal lawyer for him in all cases.  I make this declaration to set forth certain facts related to the civil action ongoing in the District Court as above.  The factual findings in this Declaration are based on information I myself have witnessed or  acquired as part of my official duties as the defense lawyer of Defendant Saddam Hussein against criminal indictments filed against him in the country of Iraq.

2.    Defendant Saddam Hussein is presently incarcerated in a prison in Baghdad, Iraq in solitary confinement on death row under sentence of death. In fact on the 26th December 2006 the

1

Hashemite Kingdom of Jordan
Office of Services
Embassy of The United States of America

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HAIDER AZIZ AL-SAYER JASSIM
ALI RASHEED,

                    Plaintiff,

v.

SADDAM HUSSEIN, _et al_.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:04-CV-1862 (EGS)

## DECLARATION OF GIOVANNI DI STEFANO

I, Giovanni Di Stefano, declare as follows:

1.    I am a citizen of Italy, and a lawyer with Studio Legale Internazionale, Largo G, Tartini 3-4, 00197 Rome, Italy. I make this declaration to set forth certain facts related to the purported service of process on and personal jurisdiction over Defendant Saddam Hussein in the instant civil action. The factual findings in this Declaration are based on information I have acquired as part of my official duties of assisting in the defense of Defendant Saddam Hussein against a criminal indictment filed in the country of Iraq since 2004.

2.    Defendant Saddam Hussein is presently incarcerated in a prison in Baghdad, Iraq in solitary confinement on death row under sentence of death imposed by the Iraqi Higher Tribunal.

1

3.    The United States government maintains physical custody of Saddam Hussein while he is facing Iraqi criminal charges under indictment and sentence of the Iraqi Higher Tribunal.

4.    I am not an agent for service of process of Defendant Saddam Hussein or any other defendant in the instant civil action, and Defendant Saddam Hussein has not authorized me to accept service of any complaints on his behalf or to represent him in the instant civil action. That is not to say he will not but that I have not been able to bring the matter of this complaint to him in person and so I am not certain he is aware of the contents of the complaint.

5.    I do not have access to defendant Saddam Hussein except at the discretion of the United States Department of State who maintain physical custody of him.

6.    I, and in fact other lawyers, have had extremely limited access to Defendant Saddam Hussein since beginning to represent him on his criminal charges-and he is in fact now so represented by court appointed lawyers- and have had no recent access to Defendant Saddam Hussein to advise him of the existence and substance of the instant civil action.

7.    Defendant Saddam Hussein does not have access to any newspapers and has not had, nor does he now have, regular access to television, radio, or any other public media.

2

Hashemite Kingdom of Jordan
City of Amman
Embassy of The United States of America

8. The acts complained of in plaintiffs' complaint occurred while Defendant Saddam Hussein was the President and political leader of Iraq when the government he headed was recognized by the United States of America.

9. To my knowledge, the plaintiffs have not served Defendant Saddam Hussein as required by the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. § 1330, 1620-11 and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").

Pursuant to 28 U.S.C. § 1746(1), I, Giovanni Di Stefano, declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge.

Executed on: December 17, 2006

Giovanni Di Stefano

SUBSCRIBED AND SWORN TO BEFORE ME THIS 17
DAY OF DEC2006 AT AMMAN, JORDAN

AMERICAN/CONSUL

3.

The New York Times

December 29, 2006

# U.S. Is Being Told Hussein Hanging Seems Imminent

By JAMES GLANZ

BAGHDAD, Dec. 28 — Preparations for the execution of Saddam Hussein began taking on a sense of urgency late Thursday as American and Iraqi officials suggested that he could be hanged within a span of days rather than weeks.

After upholding the death sentence against Mr. Hussein on Tuesday for the execution of 148 Shiite men and boys in 1982, an Iraqi appeals court ruled that he must be sent to the gallows within 30 days. But Mr. Hussein may not have even that long to live, officials said.

A senior administration official said that the execution would probably not take place in the next 24 hours, but that the timing would be swift. "It may be another day or so," the official said.

Another senior administration official said later Thursday night that Iraqi officials had told the White House to expect the execution on Saturday, Baghdad time.

In Iraq, where the Constitution requires that the Iraqi president and his two deputies sign all execution orders, officials said it was unlikely that legal formalities would stand in the way. The president, Jalal Talabani, had not received the documents by late Thursday.

But a government official familiar with the process said that little objection would be raised if the execution took place almost immediately. "Even if it happens tonight, no one is going to make an issue out of the procedure," the official said.

Mowaffak al-Rubaie, the national security adviser, said there would be no advance notice of the execution because of fears that any announcement could set off violence. When asked who would be invited to attend the hanging, Mr. Rubaie said: "No television. No press. Nothing."

He said that the execution would be videotaped but that it was unlikely the tape would be released.

Even with the security fears, there was little appetite among Iraqi officialdom to spare Mr. Hussein for much longer. "I hope the decision should be implemented very soon," said Qasim Daoud, a former national security adviser. "Sooner is better because it sends a message that we are determined — we want to get ahead step by step to building a new Iraq, and these messages will help."

Some rights advocacy groups have criticized the haste of the trial and the appeal. Mr. Hussein was sentenced to death on Nov. 5 by a court set up to judge his years in power, and the appeals court handed down its ruling less than two months later. Mr. Hussein, along with two co-defendants, received his death sentence on a case involving only the killings of the 148 Shiites, in the town of Dujail. More cases were pending.

Case 1:06-mc-00566-CKK    Document 1    Filed 12/29/2006    Page 13 of 21

Since the appeals court upheld the death sentences, rumors have swept Baghdad that the Iraqi government would move quickly to put Mr. Hussein to death. Prime Minister <u>Nuri Kamal al-Maliki</u> has drawn protests of political meddling in recent months by suggesting publicly that the former dictator should die at the earliest possible date.

Public pronouncements by American officials have been much more muted, as all formal queries have been referred to the government of Iraq, or G.O.I. in Baghdad jargon.

"Saddam Hussein is still in detention in a coalition facility," the United States military in Baghdad said in a statement late Thursday, referring to the American-led coalition. "He will continue to remain in a coalition facility until G.O.I. determines to change that status."

"This is primarily a G.O.I. issue. As for any potential transfer, we do not discuss any coordination" between American military forces and the Iraqis, the statement said.

One American official who works closely with the Iraqi justice system expressed frustration over the criticism that Mr. Hussein's trial had received. Considering the difficult security situation in a country emerging from a dictatorship — Mr. Hussein's — the trial has been conducted as fairly as possible by the Iraqis, the official said. "I'm sure they gave it full deliberation and I have full confidence in them," the official said.

*Sabrina Tavernise, Marc Santora and Abdul Razzaq al-Saeidi contributed reporting.*

Copyright 2006 The New York Times Company

<u>Privacy Policy</u>  |  <u>Search</u>  |  <u>Corrections</u>  |  <u>RSS</u>  |  <u>First Book</u>  |  <u>Help</u>  |  <u>Contact Us</u>  |  <u>Work for Us</u>  |  <u>Site Map</u>

9/14/06

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAIDER AZIZ AL-SAYED JASSIM ALI RASHEED,<br><br>        Plaintiff,<br><br>        v.<br><br>SADDAM HUSSEIN, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04-1862 (EGS)<br>)<br>)<br>)<br>)<br>) |

### O R D E R

This matter is before the Court on plaintiff Haider Aziz Al-Sayed Jassim Ali Rasheed's Motion for Approval of Alternative Service, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. For the reasons set forth in plaintiff's Motion and Memorandum of Law, plaintiff's Motion is **GRANTED**; and it is hereby

**ORDERED** that plaintiff's prior service upon defendant Saddam Hussein's counsel, Giovanni Di Stefano, is approved as appropriate under Rule 4(f)(3), and service is considered effective as of that date[1]; and it is

**FURTHER ORDERED** that plaintiff is ordered to personally serve a copy of this Order to Mr. Stefano by no later than 30

---

[1] *See* Ex. J, Lettow Decl., Pl.'s Mot. for Approval of Alt. Service.

days from the date of this Order; and it is

**FURTHER ORDERED** that plaintiff is directed to file a proof of service with the Court that Mr. Stefano has been personally served with this Order; and it is

**FURTHER ORDERED** that plaintiff shall serve the remaining defendants in this case by publishing in *The International Herald Tribune*, and in the Iraqi newspapers Azzaman and Al Sabah the attached notice, see D.C. Code § 13-339 (2000), for twelve (12) consecutive weeks; and it is

**FURTHER ORDERED** that plaintiff may substitute "John Doe" for the plaintiff's name in view of potential danger to plaintiff's relatives remaining in Iraq; and it is

**FURTHER ORDERED** that upon completion of publication in the above referenced newspapers for twelve (12) weeks, plaintiff is directed to file a proof of publication with the Court no later than 14 days after the last date of the publication.

---

[2] Other defendants are: Estate of Uday Hussein; Estate of Qusay Hussein; Sajida Tulfah Hussein; Abid Hamid Mahmud Al-Tikriti;  Ali Hasan Al-Majid (AKA Chemical Ali);  Izzat Ibrahim Al-Duri;  Hani Abd Al-Latif Al Tilfah Al Tikriti;  Muhammad Hamza Al-Zubaydi;  Kamal Mustafa Abdullah Sultan Al-Tikriti;  Barzan Abd Al-Ghafur Sulayman Majid Al-Tikriti; Estate of Hussein Kamal Al-Tikriti; Rafi Abd Al-Latif Tilfah Al-Tikriti; Tahir Jalil Habbush Al-Tikriti; Taha Yasin Ramadan Al-Jizrawi; Rukan Razuki Abd Sulayman Al-Nasiri; Mustafa Abdullah Sultan Al-Tikriti; Mizban Khudar Al Hadid; Taha Muhyi Al-Din Maruf; Tariq Aziz; Sultan Hashim Ahmad Al-Jabburi Al-Tai; Ayad Futayyih Khalifa Al-Rawi; Sabawi Ibrahim Al-Hasan Al-Tikriti; Watban Ibrahim Hasan Al-Tikriti; and Barzanibrahim Hasan Al-Tikriti.

IT IS SO ORDERED.


Signed:    Emmet G. Sullivan
           United States District Judge
           September 14, 2006

**NOTICE**

ESTATE OF UDAY HUSSEIN
ESTATE OF QUSAY HUSSEIN
SAJIDA TULFAH HUSSEIN
ABID HAMID MAHMUD AL-TIKRITI
ALI HASAN AL MAJID (AKA CHEMICAL ALI)
IZZAT IBRAHIM AL-DURI
HANI ABD AL-LATIF AL TILFAH AL TIKRITI
MUHAMMAD HAMZA AL-ZUBAYDI
KAMAL MUSTAFA ABDULLAH SULTAN AL-TIKRITI
BARZAN ABD AL-GHAFUR SULAYMAN MAJID AL-TIKRITI
ESTATE OF HUSSEIN KAMAL AL-TIKRITI
RAFI ABD AL-LATIF TILFAH AL-TIKRITI
TAHIR JALIL HABBUSH AL-TIKRITI
TAHA YASIN RAMADAN AL-JIZRAWI
RUKAN RAZUKI ABD SULAYMAN AL-NASIRI
MUSTAFA ABDULLAH SULTAN AL-TIKRITI
MIZBAN KHUDAR AL HADI
TAHA MUHYI AL-DIN MARUF
TARIQ AZIZ
SULTAN HASHIM AHMAD AL-JABBURI AL-TAI
AYAD FUTAYYIH KHALIFA AL-RAWI
SABAWI IBRAHIM AL-HASAN AL-TIKRITI
WATBAN IBRAHIM HASAN AL-TIKRITI
BARZANIBRAHIM HASAN AL-TIKRITI

Edward A. Yorkgitis, Jr.
Carl F. Lettow II
Kelley Drye & Warren LLP
1200 19th Street N.W., Suite 500
Washington, D.C. 20036

**In the United States District Court for the District of
Columbia, Civil Division.** "John Doe" v. Saddam Hussein; Estate of
Uday Hussein; Estate of Qusay Hussein; Sajida Tulfah Hussein;
Abid Hamid Mahmud Al-Tikriti;  Ali Hasan Al-Majid (AKA Chemical
Ali);  Izzat Ibrahim Al-Duri;  Hani Abd Al-Latif Al Tilfah Al
Tikriti;  Muhammad Hamza Al-Zubaydi;  Kamal Mustafa Abdullah
Sultan Al-Tikriti;  Barzan Abd Al-Ghafur Sulayman Majid Al-
Tikriti; Estate of Hussein Kamal Al-Tikriti; Rafi Abd Al-Latif
Tilfah Al-Tikriti; Tahir Jalil Habbush Al-Tikriti; Taha Yasin
Ramadan Al-Jizrawi; Rukan Razuki Abd Sulayman Al-Nasiri; Mustafa
Abdullah Sultan Al-Tikriti; Mizban Khudar Al-Hadid; Taha Muhyi
Al-Din Maruf; Tariq Aziz; Sultan Hashim Ahmad Al-Jabburi Al-Tai;
Ayad Futayyih Khalifa Al-Rawi; Sabawi Ibrahim Al-Hasan Al-

Tikriti; Watban Ibrahim Hasan Al-Tikriti; and Barzanibrahim Hasan Al-Tikriti, Civil Action No. 04-1862 (EGS). **Notice of Filing of Complaint.** An Order for Service by Publication was issued by Judge Emmet G. Sullivan on September _____, 2006. It was ordered that notice of the above captioned action should be published once a week for twelve (12) consecutive weeks in *The International Herald Tribune*, *Azzaman*, and *Al Sabah*. Notice is hereby served on the above-referenced Defendants that on October 26, 2004, Plaintiff hereby identified as "John Doe" initiated Civil Action No. 04-1862 in the United States District Court for the District of Columbia against the named defendants. The above-referenced Defendants are hereby summoned and required to serve upon Edward A. Yorkgitis, Jr., Kelley Drye & Warren LLP, 1200 19th Street N.W., Suite 800, Washington, D.C. 20036 an Answer to the Complaint within twenty (20) days after service of the summons, exclusive of the day of service. If Defendants fail to do so, judgment by default may be taken against Defendants for relief demanded in the Complaint. The Complaint seeks redress for wrongful death, detention, torture, imprisonment, and kidnaping under the Alien Tort Claims Act, 28 U.S.C. § 1350.

**Subj:**    **Fw: Lawyer Arrival - Top Urgent**
**Date:**    12/29/2006 11:14:31 AM Eastern Standard Time
**From:**
**To:**

----- Original Message -----
**From:**
**To:**     ; Brian Thompson;
**Cc:**
**Sent:** Friday, December 29, 2006 4:44 PM
**Subject:** RE: Lawyer Arrival - Top Urgent

Negative for any pickup tomorrow. I strongly advise you NOT to arrive in Baghdad tomorrow (Saturday, 30 December). My assets are tied up tomorrow on other missions. Will advise for the other days once I can get a hold of my people. I understand your urgency and your request, however, please realize that access to SH is now out of my control, even if you were to arrive in Baghdad, I can not guarantee that you would be able to see him. V/R Capt Lee

**From:** ISNAD [mailto:isnad@wanadoo.jo]
**Sent:** Friday, December 29, 2006 4:02 PM
**To:** 'ISNAD'; Lee, Lawrence C (Baghdad);     ; Brian Thompson; Sami Zwayne
**Cc:** Bader Al-Bandar; Ahmad Al-Siddiq; Giovanni Di Stefano; Giovanni Di Stefano;     ; 'Mohammed Munib
**Subject:** Lawyer Arrival - Top Urgent
**Importance:** High

# Dear Capt. Lee.
# For humanitarian reasons, we need the following arrangements for arrival, transport and departure as follows to meet with the President Saddam Hussein:

    **1- Lawyer Issam Al-Ghazzawi and Lawyer Bushra Khalil: will arrive on 30 Dec. or 31 Dec. as you confirm but we prefer tomorrow.**
    **2- Lawyer Giovanni Di Stefano, Lawyer Mohammed Munib and Lawyer Ahmad Al-Siddiq will arrive on 3 Jan.2007.**
    **3- Lawyer Najib Al-Nuaimi will arrive on 4 Jan.2007**

# Capt. Lee we need your humanitarian help in this matter and thank you in advance for your coopartion.
# Defense Committee

# CC To:

**Lawyer Issam Al-Ghazzawi**
**Lawyer Bushra Khalil**
**Lawyer Giovanni Di Stefano**
**Lawyer Mohammed Munib**
**Lawyer Ahmad Al-Siddiq**
**Lawyer Najib Al-Nuaimi**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of December, 2006 a copy of the foregoing Application of Saddam Hussein for Immediate, Temporary Stay of Execution was sent by First-Class mail, postage prepaid, to the United States Departments of Defense and State:

> Dr. Robert M. Gates
> Secretary of Defense
> 1000 Defense Pentagon
> Washington, DC 20301-1000

> Dr. Condoleezza Rice
> Secretary of State
> 2201 C Street, N.W.
> Washington, DC 20522

Nicholas Gilman