UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE SADDAM HUSSEIN

Miscellaneous Action No. 06-566 (CKK)

**MEMORANDUM OPINION**
(December 29, 2006)

At approximately 1:00 p.m. today, Petitioner, Saddam Hussein, filed an Application for Immediate, Temporary Stay of Execution with this Court. Petitioner's application asks that this Court delay Hussein's sentence of death by an Iraqi court in order to protect his alleged due process right to notice in a civil action presently before Judge Emmet G. Sullivan, *Ali Rasheed v. Hussein*, Civ. A. No. 04-1862, in which Petitioner Hussein is named as a defendant. The Court held two hearings in this matter during the late afternoon today, during which Petitioner's counsel orally represented to the Court that he sought an order enjoining the United States Military and the United States Department of State, under whose custody Petitioner Hussein asserted he was allegedly being held, from transferring custody of Petitioner Hussein to the Iraqi government for execution prior to January 4, 2007. Petitioner's counsel further represented that, although his Application was not styled as such, he sought this order under the legal framework of a petition for habeas corpus. Based on the pleadings and oral representations made by Petitioner's counsel during the hearings before this Court, the Court shall deny Petitioner's Application for Immediate, Temporary Stay of Execution.

## I: BACKGROUND

As an initial matter, the Court notes that the Certificate of Service attached to Petitioner's Application indicated that he served Secretary of Defense, Dr. Robert M. Gates, and Secretary of State, Dr. Condoleezza Rice, by mail today. App. of Def. Saddam Hussein for Imm., Temp. Stay of Execution (hereinafter "Pet.'s App."). The Court alerted Petitioner's counsel that this service was inadequate because, pursuant to Federal Rule of Civil Procedure 4(i)(1), in addition to serving Secretary Gates and Secretary Rice, Petitioner was required to effect service on the United States Attorney for the District of Columbia and the Attorney General of the United States. Fed. R. Civ. P. 4(i). Petitioner's counsel orally represented to the Court that he intended to bring his Application pursuant to Federal Rule of Civil Procedure 65(b), which allows a court to grant a temporary restraining order without written or oral notice to the adverse party, pursuant to certain conditions. Fed. R. Civ. P. 65(b). The Court determined, however, that Petitioner's counsel had failed to meet the requirement of Federal Rule of Civil Procedure 65(b)(2) because counsel had not "certifie[d] to the court in writing the efforts, if any, which ha[d] been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b)(2). Furthermore, the Court found that Petitioner's counsel, who indicated that he discovered at 11:00 a.m. this morning that Petitioner Hussein was to be executed within the next 24-48 hours, had adequate time to serve the United States Attorney and the Attorney General, but had failed to do so, or even to make efforts to reach or discuss his Application with government counsel.

The Court held a hearing on the record in this matter during the late afternoon today, during which Petitioner's counsel clarified certain matters. Without waiving service, and at the

request of the Court, Counsel from the Department of Justice, Federal Programs Division participated by telephone. Based on Petitioner's counsel's assertion that Petitioner Hussein's death sentence would be imposed within the next 24 to 48 hours, the Court determined that this matter should be handled on an expedited basis, and as such, requested certain information from the government, notwithstanding the fact that service had not been perfected. At the Court's request, counsel for the government identified for the Court and Petitioner's counsel cases relevant to the key jurisdictional issue in this matter, already identified by the Court – whether Petitioner Hussein was in the custody of the United States. At approximately 6:00 p.m. this evening, the Court addressed an additional discrete question to Petitioner's counsel on the record, at which point Petitioner's counsel also indicated that he had left service with the United States Attorney's Office.

Petitioner's Application asserts that Petitioner has been named as a defendant in a civil action, *Ali Rasheed v. Hussein*, Civ. A. No. 04-1862, currently pending before Judge Sullivan, and that "his incarceration has prevented him from receiving proper due process notice of his rights to defend himself and his estate" in that case. Pet.'s App. at 1.[1] As a result, Petitioner's Application requests that this Court delay Petitioner's sentence of death by the government of Iraq, "to protect his right of due process and rights under the Geneva Conventions." *Id.* at 5. Petitioner's Application cites *Hill v. McDonough*, 548 U.S. ___, 126 S. Ct. 2096, 2101, 165 L.

---

[1] In an Order filed September 14, 2006, Judge Sullivan determined that Petitioner Hussein had been properly served in *Ali Rasheed v. Hussein* pursuant to Federal Rule of Civil Procedure 4(f)(3) because service was effected upon his Counsel. *Ali Rasheed v. Hussein*, Civ. A. No. 04-1862 (D.D.C. Sept. 14, 2006). The Court notes that Petitioner has subsequently filed a motion to dismiss in *Ali Rasheed v. Hussein*, not fully briefed, in which he asserts that the court lacks personal jurisdiction over him because he has not been properly served.

Ed. 2d 44, 51 (2006), a case arising under 42 U.S.C. § 1983, for the proposition that the Court has the authority to order a stay of execution pursuant to its equitable powers. *Id.* Petitioner's Application appends as exhibits two declarations – one submitted by one of Petitioner Hussein's criminal lawyers, the other by "Hussein's principal, Iraqi lawyer," Pet.'s App. at 1 – which indicate that, while Petitioner Hussein has been incarcerated in Iraq, these attorneys' access to Petitioner Hussein has been at the discretion of the United States Military and Department of State. *Id.* at 2. Based on these declarations, Petitioner Hussein asserts that he "is incarcerated under the custody of the United States government through the United States military and the Department of State." *Id.* at 1.

During the hearing on the record this afternoon, Petitioner's counsel clarified a number of matters, including the following: (1) although Petitioner's Application asserted that this Court had equitable powers to issue the remedy sought based on a case under 42 U.S.C. § 1983, he did not seek to bring an action under that statute; (2) Petitioner's counsel represented that Petitioner, in fact, sought a writ of habeas corpus; and (3) as to specific relief, Petitioner sought an order enjoining the United States Military and Department of State from releasing Petitioner Hussein to the custody of Iraqi officials for execution at any time prior to January 4, 2007, the date on which Petitioner's counsel represented that Petitioner Hussein was scheduled to meet with attorneys who would apprise him of the suit before Judge Sullivan.

### III: DISCUSSION

"When it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, it shall dismiss the action." Fed. R. Civ. P. 12(h)(3). As such, "[i]f a court determines that it lacks subject matter jurisdiction, it therefore is duty bound to dismiss the case

on its own motion." *Hawk v. Olson*, 326 U.S. 271, 272. 66 S. Ct. 116, 90 L. Ed. 61 (1945). The following matters are not in dispute: (1) this Court, a court of limited jurisdiction, has no jurisdiction over the Iraqi officials who will carry out the execution of an Iraqi citizen pursuant to a sentence of death issued by an Iraqi court for violations of Iraqi law; (2) this Court only has jurisdiction to issue a writ of habeas corpus if the petitioner is "in custody under or by color of the authority of the United States," 28 U.S.C. § 2241;[2] and (3) members of the United States Military maintain custody over Petitioner Hussein pursuant to their authority as members of Multi-National Force-Iraq ("MNF-I").

As Judge Reggie Walton recently concluded in a strikingly similar matter, this "Court lacks *habeas corpus* jurisdiction over an Iraqi citizen, convicted by an Iraqi court for violations of Iraqi law, who is held pursuant to that conviction by members of the Multi-National Force-Iraq." *Al-Bandar v. Bush, et al.*, Civ. A. No. 06-2209 (RMC) (D.D.C. Dec. 27, 2006) (denying motion for temporary restraining order to prevent transfer of petitioner to Iraqi custody); *see also*, *Al-Bandar v. Bush, et al.*, Civ. A. No. 06-5425 (D.C. Cir. Dec. 29, 2006) (denying motion for stay or injunction enjoining transfer of petitioner to Iraqi custody pending appeal). A United States court has no "power or authority to review, affirm, set aside or annul the judgment and sentence imposed" by the court of a sovereign nation pursuant to their laws. *Hirota, et al. v. General of the Army Douglas McArthur, et al.*, 338 U.S. 197, 198, 69 S. Ct. 197, 93 L. Ed. 1902 (1948); *Flick v. Johnson*, 174 F. 2d 983, 984 (D.C. Cir. 1949). Accordingly, this Court has no

---

[2] Although Petitioner's counsel did not specify whether he brings the instant action under statutory or constitutional habeas grounds, it is clear that the instant Petitioner cannot bring a constitutional habeas action before the instant court. *See Johnson v. Eisentrager*, 339 U.S. 763, 768, 777-78, 70 S. Ct. 936, 94 L. Ed. 1255 (1950).

jurisdiction to prevent the transfer of Petitioner Hussein to the custody of the Iraqi government, as that would effectively alter the judgment of an Iraqi court.

Moreover, Petitioner is not being held under the custody of the United States, and as a result, this Court lacks habeas corpus jurisdiction. Petitioner's counsel agreed that, while Petitioner may be held by members of the United States Military, it is pursuant to their authority as members of the MNF-I. The MNF-I derives its "ultimate authority from the United Nations and the MNF-I member nations acting jointly, not from the United States acting alone." *Mohammed v. Harvey*, 456 F. Supp. 2d 115, 122 (D.D.C. 2006). As such, it is clear that Petitioner is either in the actual physical custody of the MNF-I or in the constructive custody of the Iraqi government, and not in the custody of the United States. *Id.* As Petitioner is clearly not held in the custody of the United States, this Court is without jurisdiction to entertain his petition for a writ of habeas corpus.

### IV: CONCLUSION

For the reasons set forth above, the Court shall DENY Petitioner's Application for Immediate, Temporary Stay of Execution. An appropriate Order accompanies this Memorandum Opinion.


Date:   December 29, 2006


                                                */s/*
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge